James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
Kilmer, Voorhees & Laurick, P.C.
732 NW 19th Avenue
Portland, Oregon 97209
Telephone: (503) 224-0055
Fax: (503) 222-5290

Attorneys for Defendant Nationstar Mortgage LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **SHANE WILLIAMS and SHAWNA WILLIAMS**,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>**NATIONSTAR MORTGAGE LLC aka MR. COOPER,**<br><br>　　　　　　　Defendant. | Case No. 6:16-cv-01357-TC<br><br>**NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF** |

## LOCAL RULE 7-1 CERTIFICATION

In compliance with this Rule, the parties made a good faith effort through telephone conference to resolve the dispute and have been unable to do so.

### I. INTRODUCTION

Defendant Nationstar Mortgage LLC ("Nationstar" or "Defendant") moves to stay this action pending the outcome of an important appellate court ruling currently pending before the D.C. Circuit Court of Appeals—*ACA International v. Federal Communications Commission*, Case No. 15-1211—that could be dispositive of Plaintiffs Shane and Shawna Williams's claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. At issue in the *ACA International* case is the Federal Communication Commission's interpretation of the term

Page  1 -  **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

"automatic telephone dialing system." *See ACA International Amended Petition for Review*, attached hereto as **Exhibit 1**. The D.C. Circuit's ruling upon this issue will have binding nationwide application under the federal Hobbs Act and could directly impact Plaintiffs' case against Nationstar because a core element of Plaintiffs' TCPA claim is that Nationstar used an automatic telephone dialing system ("ATDS") to call them. (*See* Compl., ¶ 7.) Accordingly, pursuant to the Court's inherent authority to administer its own docket, and in line with the significant trend of other federal district courts in this and other circuits that have stayed similar actions, Nationstar seeks a stay of this case pending the D.C. Circuit's decision on the pivotal question of what constitutes an ATDS.

## II. PERTINENT BACKGROUND FACTS

Plaintiffs seek to hold Nationstar liable for allegedly calling their cell phone using an ATDS. (*See* Compl. ¶¶ 7-12). The TCPA defines an ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1) (emphasis added). Most modern dialers, however, are not designed to generate and dial numbers using a "random or sequential number generator." Therefore, a number of businesses and industry groups filed petitions with the FCC asking whether the word "capacity" meant the "*present* capacity" of the equipment at the time the calls were made, or the "*future* capacity" to generate and dial random or sequential numbers through changes in hardware or software. (*See* July 10, 2015 FCC Ruling at ¶ 11, attached hereto as **Exhibit 2**).

In its July 10, 2015 Order, the FCC responded that "the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." (*Id.* at ¶ 16.) In other words, any computerized equipment, including an iPhone, can be an ATDS under the FCC's expansive definition because all it requires is the ability to download software or install hardware that allows for random or sequential number generation. While the FCC admitted that there must be some limit to determining what equipment constituted an ATDS, the only example

Page 2 - **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

it could give was that a "rotary-dial phone" could not be converted into an autodialer. (*Id.* at ¶ 18.) Beyond that, the FCC refused to give any specific guidance as to what did or did not constitute an ATDS. (*Id.*)

The FCC's incredibly overbroad and vague definition of what constitutes an ATDS led to the D.C. Circuit appeal in *ACA International*. ACA International's amended petition for review challenges the FCC's Ruling as arbitrary and capricious, an abuse of discretion, and inconsistent with various constitutional provisions. (*See* **Ex. 1**, *ACA* Amended Petition at 3.) The ACA amended petition further challenges the FCC's definition of an ATDS to include "predictive dialers" as exceeding the FCC's statutory authority and going beyond Congress's intent under the TCPA. (*Id.*) Various other petitioners and intervenors from a number of industry groups and companies also filed briefs in the case arguing that the FCC's definition of an ATDS is inconsistent with the TCPA's text, history, and purpose as well as being arbitrary and capricious. Thus, the outcome of these petitions for review will have a direct and substantial impact on Plaintiffs' TCPA claims in this case. The very definition of an ATDS – which is a central element of Plaintiffs' TCPA claims against Nationstar – will be decided by the D.C. Circuit appeal. And that could be dispositive of Plaintiffs' TCPA claim here because Nationstar does not use equipment with the present capacity "to store or produce telephone numbers to be called, using a random or sequential number generator" and "dial such numbers." 47 U.S.C. 227(a)(1).

### III. ISSUES

(1) Whether the Court should stay this action until the D.C. Circuit issues a ruling on ACA International's challenge to the FCC's definition of an automatic telephone dialing system because the stay will not prejudice Plaintiffs and would save both the Court and the parties from engaging in potentially unnecessary and costly litigation?

### IV. EVIDENCE RELIED UPON

This motion for stay relies upon Plaintiffs' Complaint, the exhibits attached hereto, and any other pleadings and papers on file with the Court in this matter.

Page 3 - **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## V. ARGUMENT

A trial court has broad discretion to stay all proceedings in an action pending the resolution of independent proceedings elsewhere. See Ford Motor Credit Co. v. Chiorazzo, 529 F. Supp. 2d 535, 541–42 (D.N.J. 2008) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). This discretion is "incident to [a district court's] power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706-07 (1997); see also Air Line Pilots Ass'n v. Miller, 523 U.S. 866, 879, n.6 (1998) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quotation marks omitted); Robinson v. Section 23 Prop. Owner's Ass'n, No. 2:12-cv-675-FtM-29CM, 2014 WL 2215757, at *6 (M.D. Fla. May 27, 2014) (citing Clinton v. Jones, 520 U.S. 681, 706 (1997)).

### A. The D.C. Circuit's Ruling in *ACA International* Will Be Binding on This Court.

On July 10, 2015, the Federal Communications Commission ("FCC") issued a TCPA Omnibus Declaratory Ruling and Order (the "FCC Order"), which attempted to clarify its TCPA rules. (**Ex. 2**.) Unfortunately, the FCC Order set forth an overly broad definition of an "automatic telephone dialing system" ("ATDS"), which is of particular concern to entities like Nationstar that are responsible for complying with the TCPA.

The FCC Order is binding on all federal district courts across the country under the Administrative Orders Review Act, also known as the Hobbs Act. Therefore, under the Hobbs Act, only a federal court of appeals – like the D.C. Circuit in *ACA International* – has the power to set aside a final FCC order. *See CE Design Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (citing 28 U.S.C. § 2342(1); 47 U.S.C. § 402(a)); *Murphy v. DCI Biologicals Orlando, LLC*, No. 6:12–cv–1459–Orl–36KRS, 2013 WL 6865772, at *6-7 (M.D. Fla. Dec. 31, 2013) (citing other cases). The Federal courts of appeals have exclusive jurisdiction to determine the validity of the FCC's Orders. 28 U.S.C. § 2342(1). Thus, the outcome of the D.C.

Page  4 -  **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Circuit appeal on the validity of the FCC's July 10, 2015 Order will have binding nationwide implications regarding the definition of an ATDS. And, as explained below, that decision will certainly impact—and may be dispositive of—Plaintiffs' TCPA claim in this action.

### B. Other Federal Courts Have Granted Stays in Precisely the Same Circumstances.

In just the past year, numerous federal courts in the Ninth Circuit and elsewhere have granted stays of TCPA cases based in whole or in part on the D.C. Circuit's pending *ACA International* appeal, including two cases where Nationstar was a defendant. *See Adams v. Nationstar Mortgage, LLC*, Case No. CV 15-9912-DMG (KSx) (C.D. Cal. June 14, 2016) (attached hereto as **Exhibit 3**); *Small v. GE Capital, Inc.*, Case No. 5:15-cv-02479-JGB-DTB, slip op. (E.D. Cal. June 9, 2016) (attached hereto as **Exhibit 4**); *Errington v. Time Warner Cable*, Case No. 2:15-cv-02196, 2016 WL 2930696 (C.D. Cal. May 18, 2016); *Chattanond v. Discover Fin. Servs., LLC*, 2016 BL 59996, 3 (C.D. Cal. Feb. 26, 2016); *Fontes v. Time Warner Cable, Inc.,* Case No. CV14-2060-CAS(CWx) (C.D. Cal. Dec. 17, 2015) (attached hereto as **Exhibit 5**); *see also Shahin v. Synchrony Financial, et al.,* Case No. 8:15-cv-02941-MSS-EAJ, slip op. (M.D. Fla. April 12, 2016) (attached hereto as **Exhibit 6**); *Abplanalp v. United Collection Bureau, Inc.*, Case No. 3:15-CV-203-RJC-DCK, 2016 WL 81498, at *2-3 (W.D.N.C. Jan. 7, 2016); *Acton v. Intellectual Capital Mgmt.*, Case No. 15-CV-4004(JS)(ARL), 2015 U.S. Dist. LEXIS 172149 (E.D.N.Y. Dec. 28, 2015); *Mackiewicz v. Nationstar Mortgage, LLC*, Case No.6:15-CV-00465 (M.D. Fla. Nov. 10, 2015) (attached hereto as **Exhibit 7**); *Gensel v. Performant Techs., Inc.*, Case No. 13-cv-1196, 2015 WL 6158072 (E.D. Wis. Oct. 21, 2015) *Coatney v. Synchrony Bank, et al.,* Case No. 6:16-cv-00389-ACC-TBS, slip op. (M.D. Fla. August 2, 2016) (attached hereto as **Exhibit 8**) *Ricks v. Synchrony, et al.,* Case No. 3:16-cv-00205-HES-PDB (M.D. Fla. July 11, 2016) (attached hereto as **Exhibit 9**); *Rose v. Wells Fargo Advisors, LLC*, Case No. 1:16-CV-562-CAP, 2016 WL 3369283, at *2 (N.D. Ga. June 14, 2016); *Falack v. Synchrony Financial*, *Inc.*, Case No. 3:16-cv-01782-MAS-TJB (D.N.J. July 6, 2016)

Page 5 - **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

(holding that Synchrony's motion to stay was granted "pending the decision by the D.C. Circuit appeal in ACA International…") (attached hereto as **Exhibit 10**).

The *Adams* case is particularly instructive. There, the court stayed a TCPA action against Nationstar, finding that, "[b]ecause a successful TCPA claim requires [the plaintiff] to prove that Nationstar contacted him using an ATDS, that term's definition directly implicates this action." (**Ex. 3**, p 3). Additionally, "absent a stay, Nationstar may suffer injury from having to engage in discovery practice amid the uncertainty over the key ATDS term 'capacity.'" *Id*.

Likewise, in *Errington,* on which *Adams* relies, the court reasoned that, "Defendant may suffer hardship in conducting discovery and trial preparation in light of the uncertain difference between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS. . . . [G]ranting a stay may simplify the issues in this case and conserve judicial resources." 2016 WL 2930696, at *4. The court in *Small* also granted a stay on grounds that "the ruling in *ACA International* will likely bear on whether Synchrony Bank's dialer at time of the calls at issue was an 'automatic telephone dialing system,' for purposes of the TCPA. Consequently, further litigation absent a ruling may be unnecessary and will require both parties and the Court to spend substantial resources." (**Ex. 4**, p. 4). Similarly, the court in *Shahin* held that "the rulings in *ACA International* and *Spokeo* may be outcome-determinative to this case." (**Ex. 6**, p. 2). Here, as in these other cases, whether Nationstar used an ATDS when making telephone calls to Plaintiffs is "a threshold issue for liability under the TCPA and for the scope of discovery." *Rose*, 2016 WL 3369283, at *2. In line with the weight of federal decisions around the country, this Court should stay the instant action pending a decision in *ACA International.*

### C. The Relevant Factors Weigh In Favor Of Granting A Stay Here.

In determining whether a stay is appropriate, courts "must weigh competing interests, including (1) the possible damage which may ensue from a stay, (2) the hardship or inequity a party may suffer if the case moves forward, and (3) the 'orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be

Page  6 -   **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

expected to result from a stay.'" *Adams,* No. CV 15-9912-DMG (KSx) at *2 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)) (**Ex. 3**).These factors weigh in favor of granting a stay here.

        i.     <u>If a Stay Is Not Imposed, Nationstar Will Suffer Harm in the Form of Unnecessary Litigation Fees and Expenses</u>.

Nationstar will incur significant expense in litigating this case if a stay is not granted. Courts have found litigation expense sufficient to demonstrate actual prejudice to justify a stay. *See, e.g.*, *Adams*, No. 2:15-cv-09912-DMG-KS ("[A]bsent a stay, Nationstar may suffer injury from having to engage in discovery and motion practice amidst the uncertainty over the key ATDS term 'capacity.'") (**Ex. 3** hereto); *Tyler v. Nationstar Mortgage*, Case No. 4:15-cv-532-WS-CAS, 2016 WL 420284 at *1 (N.D. Fla., January 15, 2016) (finding that a stay "would limit what might prove to be unnecessary expenditures of time and resources on discovery" and "would promote judicial economy"); *Errington,* 2016 WL 2930696, at *4 (staying case pending the decision in *ACA International* because "Defendant may suffer hardship in conducting discovery"); *Mackiewicz*, Case No. 6:15-cv-465-Orl-18GJK, slip op. at 2 (granting Nationstar's motion to stay under *ACA International* in part because "a stay would reduce the burden of litigation on the parties and the Court by allowing the Court to avoid issuing a dispositive Order in the midst of an uncertain legal environment.") (**Ex. 7** hereto); *Coatney*, Case No. 6:16-cv-00389-ACC-TBS, slip op. at 4 (quoting *Mackiewicz)* (**Ex. 8**. hereto).

        ii.     <u>The Requested Stay Will Be Relatively Short in Duration and Will Not Prejudice Plaintiffs</u>.

Plaintiffs will not be prejudiced by a relatively short stay of these proceedings at such an early stage in the litigation. Any stay issued by this Court is not likely to be lengthy because the issues before the D.C. Circuit Court of Appeals were fully briefed as of February 2016 in the *ACA International* case, the case has been set for oral argument on October 19, 2016 (*see* July 25, 2016 Order, attached hereto as **Exhibit 11**), and district courts have opined that the D.C.

Page  7 -  **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

Circuit's decision "is likely anticipated by the end of next year," meaning 2016. *Fontes*, slip op. at 8 (**Ex. 5** hereto); *see also Adams,* Case No. 2:15-cv-09912-DMG-KS, slip op. at 3 (finding "minimal harm" to Plaintiff because "a decision by the D.C. Circuit may not be in the distant future."); *Coatney*, Case No. 6:16-cv-00389-ACC-TBS, slip op. at 3-4 ("Plaintiff has not shown that he will be prejudiced by a stay at such an early stage in the litigation.  It is not likely the stay will be lengthy given that *ACA International* has been fully-briefed as of February 2016 and the potential prejudice is minimal.") (**Ex. 8** hereto); *Shahin*, Case No. 8:15-cv-02941-MSS-EAJ, slip op. at 3 (M.D. Fla. April 12, 2016) ("Furthermore, a review of the record suggests that the Parties will not be prejudiced by a stay.  This case is in the early stages of litigation and, in all likelihood, the stay will not be lengthy. *ACA International* has been fully briefed, and *Spokeo* will be decided during the Supreme Court's current term, which means a decision in that case should be rendered within the next three months.") (**Ex. 6** hereto); *Errington,* 2016 WL 2930696, at *4 ("the appeal before the D.C. Circuit is not likely to remain pending for an extended period of time, and the possible prejudice to Plaintiff is minimal"); *Small*, Case No. 5:15-cv-02479-JGB-DTB, slip op. at 4 ("[B]riefing has been completed in *ACA International* as of February 2016 and a decision by the D.C. Circuit is forthcoming.") (**Ex. 4** hereto).  This is not the sort of time frame that would prejudice Plaintiffs in this matter.

Moreover, Plaintiffs cannot show that they would suffer any continuing harm that would be exacerbated by a stay.  *See Gusman v. Comcast Corp.*, Case No. 13CV1049-GPC (DHB), 2014 WL 2115472, at *4 (S.D. Cal. May 21, 2014) ("Plaintiff will not be prejudiced since he stopped receiving calls . . . and the case is in the early stages of litigation.").  Accordingly, this factor also weighs in favor of granting a stay.

### iii. Granting a Stay Will Streamline the Proceedings by Simplifying the Issues and Promoting Judicial Economy.

Granting a stay will simplify the issues and promote judicial economy.  As courts in the Ninth Circuit have reasoned, the outcome of this case will be impacted directly by the D.C.

Page 8 - **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

Circuit's anticipated ruling. *See, e.g., Adams*, Case No. 2:15-cv-09912-DMG-KS, slip op. at 3 ("Because a successful TCPA claim requires Adams to prove that Nationstar contacted him using an ATDS, that term's definition directly implicates this action."). In fact, the ruling could extinguish Plaintiffs' claims in their entirety. At the very least, it will establish the scope of the issues in this case, which will impact the discovery needed and any potential trial. With the benefit of the D.C. Circuit's ruling, the parties will be able to engage in more focused litigation based on the insight provided by that court, thus reducing the burden of litigation on the parties and on the Court. *See, e.g.*, *Lambert v. Buth-NA-Bodhaige, Inc.*, Case No. 2:14-cv-00514-MCE-KJN, 2014 WL 4187250 at *1 (E.D. Cal. August 21, 2014) (finding that a stay would spare the costs of discovery on issues that could be rendered moot by FCC rulings).

Thus, these three elements weigh in favor of granting a stay here.

## VI.   CONCLUSION

For all the foregoing reasons, Defendant Nationstar respectfully requests that the Court stay these proceedings until the D.C. Circuit Court of Appeals has rendered its decision in the *ACA International* case.

DATED:  August 23, 2016.

KILMER VOORHEES & LAURICK, P.C.

*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290

Of Attorneys for Defendant Nationstar Mortgage LLC

Page  9 -   **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF**

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290

## CERTIFICATE OF SERVICE

I certify that on this 23rd day of August, 2016, the foregoing **NATIONSTAR MORTGAGE LLC'S MOTION TO STAY PROCEEDINGS PENDING RULING BY THE D.C. CIRCUIT COURT OF APPEALS AND MEMORANDUM IN SUPPORT THEREOF** will be served in accordance with the Court's CM/ECF system which will send notification of such filing by notice via email to the ECF participants of record a true copy of the foregoing document.

KILMER VOORHEES & LAURICK, P.C.


*/s/ James P. Laurick*
James P. Laurick, OSB No. 821530
jlaurick@kilmerlaw.com
732 NW 19th Avenue
Portland, OR  97209
Phone No.:  (503) 224-0055
Fax No.:  (503) 222-5290

Of Attorneys for Defendant Nationstar Mortgage LLC
I:\10401\0005\Pleadings\Nationstar's Motion to Stay Proceedings.docx

Page  1 -   CERTIFICATE OF SERVICE

KILMER VOORHEES & LAURICK, P.C.
A PROFESSIONAL CORPORATION
732 N.W. 19TH AVENUE
PORTLAND, OREGON 97209-1302
(503) 224-0055 · FAX (503) 222-5290