IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHANE WILLIAMS and SHAWNA WILLIAMS, | Case No. 6:16-cv-01357-TC |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| NATIONSTAR MORTGAGE, LLC, | |
| Defendant, | |

Thomas Coffin, Magistrate Judge:

Defendant, Nationstar Mortgage, LLC, ("Nationstar"), moves this court for an order staying this action pending the outcome of a case that is currently pending before the D.C. Circuit Court of Appeals – *ACA International v. Federal Communications Commission*, Case No. 15-211 ("*ACA International*"). Def.'s Mot. to Stay Proceedings 1. Plaintiffs, Shane Williams and Shawna Williams, oppose defendant's motion. Pls.' Resp. in Opp'n to Def.'s Mot. to Stay 7. For the Following reasons, defendant's Motion to Stay (#8) is granted.

1 – OPINION AND ORDER

## INTRODUCTION

On July 1, 2016, plaintiffs filed the operative complaint against defendant asserting violations of the Telephone Consumer Protection Act ("TCPA"). Pls.' Compl. 1. Plaintiffs allege that defendant violated the TCPA by making harassing phone calls to their cellular telephone with an automatic telephone dialing system ("ATDS"), as the term is defined at 47 U.S.C. § 227, and did so after they "repeatedly told [defendant] to stop calling and attempted to refer [defendant] to their attorney." *Id.* at 1-3.

On August 23, 2016, defendant filed a motion to stay this case (#8) until after the D.C. Circuit Court of Appeals renders its decision in *ACA International* addressing the definition of an ATDS. Def.'s Mot. to Stay 1-2. Defendant argues that a successful TCPA claim requires plaintiffs to prove that it contacted plaintiffs with an ATDS, which is defined as "'equipment which has the capacity –(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.'" *Id.* at 2 (quoting 47 U.S.C. 227(a)(1)). Defendant argues that the decision in *ACA International* will provide guidance regarding whether the term "capacity," as it is used in 47 U.S.C. 227(a)(1), includes equipment with the "*present* capacity" or the "*future* capacity" to generate and dial random or sequential numbers through changes in hardware or software. *Id.* (emphasis in original).

Defendant argues that it "does not use equipment with the *present* capacity 'to store or produce telephone numbers to be called using a random or sequential number generator' and 'dial such numbers'" and, therefore, *ACA International's* forthcoming guidance on the definition of an ATDS could be dispositive of the core ATDS element of plaintiffs' TCPA claims against it. *Id.* at 2 (emphasis supplied). Moreover, defendant argues that the D.C. Circuit Court of Appeals' decision could "extinguish plaintiffs' claim in its entirety," or at least narrow the issues

2 – OPINION AND ORDER

in this case and reduce the discovery needed for any potential trial by settling issues that could be rendered moot by the Court's decision. *Id.* at 7, 9.

## STANDARD OF REVIEW

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). A court "may with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva c. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). This rule "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.* at 864 (internal citations omitted). "In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." *Id.*

When determining whether to stay a pending proceeding, "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed," including:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer*, 398 F.3d at 1110. "'[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Exp., Inc., v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting *Landis*, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112 (internal quotations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 255)).

3 – OPINION AND ORDER

## DISCUSSION

Defendant argues it will incur "significant expense" in litigating this case if a stay is not granted until such time that the D.C. Circuit Court of Appeals' issues its decision in *ACA International* and provides clarification of what constitutes an ATDS. Def.'s Mot. to Stay 2. Moreover, defendant argues that plaintiffs will not be prejudiced by a stay at this early stage in the litigation because the D.C. Circuit Court of Appeals was fully briefed on the issues in *ACA International* in February 2016 and heard oral argument on those issues on October 19, 2016, and, therefore, the stay of these proceedings should be "relatively short." *Id.*

Plaintiffs argue that defendant's motion should be denied because the TCPA doesn't allow prevailing plaintiffs to recover their attorney fees and, therefore, a stay of this action would be prejudicial because "the facts are largely undisputed and damages are set by statute" and because "it's unlikely the *ACA International* decision will completely extinguish [their] claim." Pls.' Resp. in Opp'n to Def.'s Mot. to Stay 2, 4 (citing 47 U.S.C. 227(b)(3)). Plaintiffs, therefore, argue that defendant's motion should be denied to avoid prejudicing their "ability to effectively vindicate their privacy interests and recover their statutory damages." *Id.* at 4.

The TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . ..

47 U.S.C. § 227(b)(1).

///

4 – OPINION AND ORDER

Here, the case is in the early stages of the proceedings and the stay is unlikely to be lengthy because the *ACA International* case has been fully briefed before the D.C. Circuit Court of Appeals since February 2016 and the Court has already heard oral argument on the issues nearly one month ago. Moreover, because plaintiffs' TCPA claim requires them to prove that defendant contacted them with an ATDS, the definition of which is likely to be clarified in *ACA International*, this court finds that staying these proceedings until after the D.C. Circuit Court of Appeals renders its decision in *ACA International* will likely simplify the issues before the court and streamline the litigation. *Lockyer*, 398 F.3d at 1110. Accordingly, this court finds that there is not a "fair possibility" that the stay, which could work to streamline the litigation, will "work damage" to plaintiffs, especially considering plaintiffs' argument that they cannot recover attorney fees in this action even if they prevail. *Dependable Highway Exp., Inc.*, 498 F.3d at 1066; *Landis*, 299 U.S. at 255.

Moreover, this court finds that staying these proceedings until a decision is rendered in *ACA International* could lead to reduced discovery on the issue of whether defendant used an ATDS to contact plaintiffs. Such a reduction in discovery would reduce the financial hardship defendant would sustain defending issues that could be rendered moot by the D.C. Circuit Court of Appeals' decision.

As such, this court finds that because the stay defendant seeks will likely be short, will not prejudice plaintiffs, could reduce the financial hardship on defendant, and could streamline the litigation, thereby preserving the orderly course of justice by improving efficiency of the court's docket, *Leyva*, 593 F.2d at 863, defendant's Motion to Stay the Proceedings (#8) pending the resolution of the independent proceedings in *ACA International*, is GRANTED.

///

5 – OPINION AND ORDER

## CONCLUSION

For the reasons stated above, defendant's Motion to Stay (#8) is GRANTED.

It is so ordered.

DATED this __18__ day of November 2016.

_____
THOMAS COFFIN
United States Magistrate Judge